IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| U.S.<br>*Plaintiff*<br><br>v.<br><br>ALEXIS CANDELARIA-MONSERRATE<br>*Defendant* | CRIM. NO. 14-579 (CCC) |

**MOTION TO SUPPRESS**

TO THE HONORABLE COURT:

COMES NOW the above captioned defendant through the undersigned attorney and very respectfully PRAYS AND ALLEGES:

1. The appearing defendant Alexis Candelaria-Monserrate was arrested on September 18, 2014 pursuant to evidence seized in light of a state search warrant executed on that date at his place of abode and charged with violation of 18 U.S.C. § 922(g)(1) by means of a complaint signed by ATF S/A Jean C. Rivera. The defendant was indicted on October 1, 2014.

2. The state search warrant against the defendant's residence was issued pursuant to a sworn statement provided by PRPD officer Carlos Valle Padilla (Badge No. 29899) were he stated that he allegedly made a surveillance on the defendant's residence on at least three occasions due to an alleged tip provided by an alleged confidential informant on September 2, 2014. We highlight the fact that the identity of this alleged confidential informant was not provided on agent Valle's sworn statement.

3. The alleged observations towards defendant Candelaria-Monserrate residence that gave rise to the issuing of the state search warrant and the seizure of the firearm in this case were allegedly performed by agent Valle during September 2, 4 and 11, 2014 under certain circumstances that were initially investigated by defendant Candelaria's former attorney and/or the FPD Office and this investigation was continued by the undersigned attorney when we were appointed to represent defendant Candelaria-Monserrate on January 28, 2015.

4. In light of said investigation performed by both the previous and current defense attorneys for the defendant and the evidence gathered therein, which includes among another things

a visit to the defendant's residence and surrounding areas, the recollection of the defendant's car toll records and certain evidence specifically related to agent Valle, we respectfully submit that PRPD Officer Valle's sworn statement which gave rise to the issuing of the search warrant against the defendant's residence is riddled with knowingly false statements whose only purpose were to illegally establish probable cause in circumstances whose untruthfulness made them were insufficient for this purpose as a matter of law, hence, the state search warrant issued in this case must be voided by this Honorable Court and the fruits of the search suppressed.

5. Specifically, during the hours that agent Valle allegedly made the observations towards the defendant's residence -which is located at Cuchilla Ward in Morovis, P.R.- he had already left for his job in San Juan so basically agent Valle couldn't have observed defendant Candelaria-Monserrate involved in any illegal activities in his residence and/or it's surrounding areas, a circumstance that is shown through the defendant's car toll records. Additionally, in the specific areas in which agent Valle made the observations there was not a clear field of vision towards the defendant's residence and/or no field of vision at all so again, agent Valle couldn't observe defendant Candelaria-Monserrate performing any illegal conduct.

6. In *Franks v. Delaware,* 438 U.S. 154 (1978) the Court held that where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth is included by the affiant in a warrant affidavit and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment of the U.S. Constitution requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

7. In sum, we respectfully submit that there is substantial evidence and/or circumstances regarding the falseness of several statements in the sworn statement signed by PRPD agent Valle hence said sworn statement lacked the probable cause required for the issuance of the search warrant against the defendant's residence therefore the defense respectfully requests a suppression hearing in light of *U.S. v. Franks,* supra, and that after said hearing this Honorable Court decrees that the evidence seized against defendant Candelaria-Monserrate is suppressed.

**WHEREFORE**, it is respectfully requested that this Honorable Court GRANTS the instant motion hence suppressing the evidence seized against defendant Candelaria-Monserrate in the instant case with any other remedy applicable under law.

**I HEREBY CERTIFY**: That on this same date electronically filed the foregoing document with the Clerk of Court for the District of Puerto Rico, through the CM/ ECF electronic filing system, which will provide notification of this filing to the United States Attorney's Office for the District of Puerto Rico.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 3rd day of September, 2015.

*S/Ovidio Zayas Perez*
***OVIDIO ZAYAS PEREZ, ESQ.***
*USDC-PR 218010*
*PMB 387*
*PO BOX 194000*
*SAN JUAN, P.R. 00919-4000*
*PHONE: (787) 637-8683*
*FAX: (787) 250-1110*
*ovidiozayasperez@hotmail.com*